# COMPLAINT

SUPREME COURT : STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------X
ALEXANDRA GERENA and CONSTANCE
GERENA,                                           Index No. 14413-07

           Plaintiffs,

   -against-                                     **VERIFIED COMPLAINT**

GREGORY KORB and YALE UNIVERSITY

           Defendants.
----------------------------------------------------------X

Plaintiffs, by their attorney, David Rabin, Esq., complaining against defendants, allege as follows:

### THE PARTIES

1. Alexandra Gerena is a natural person residing in Bronx County, State of New York ( Alex ).

2. Constance Gerena is a natural person residing in Bronx County, State of New York ( Connie ).

3. Upon information and belief, Gregory Korb is a natural person residing in the State of New Jersey.

4. Upon information and belief, Yale University is an institution of higher learning with its main offices located in New Haven, Connecticut ( Yale ).

### AS AND FOR A FIRST CAUSE OF ACTION BY ALEX AGAINST KORB

5. In or about August, 2005, Alex and Korb were students at Yale and were attending "Camp Yale", sponsored by Yale for its students to socialize and party

1.

prior to the start of the Fall Semester.

6. After a day of partying and drinking, Korb accompanied Alex to her dorm room and subjected her to physical and sexual assault, biting her about her face and breasts, causing severe physical injury, pain and suffering. He physically restrained her and prevented her from leaving until he was done.

7. Korb was arrested, charged with sexual assault and related felony charges and in or about October, 2006, he pled "no contest" as he agreed that the prosecutor would prove his guilt beyond a reasonable doubt and that he would be jailed for years. By his plea, which was permitted only because of the consent and humanity of Alex, he was convicted of two reduced misdemeanor offenses, assault and criminal restraint and placed on probation, banned from the New Haven campus of Yale, and ordered to have alcohol, drug and mental evaluations and to follow all recommended treatment regimens.

8. By virtue of the foregoing, Korb assaulted and severely injured Alex, causing great pain and suffering.

9. Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $500,000.00.

**AS AND FOR A SECOND CAUSE OF ACTION BY ALEX AGAINST KORB**

10. Plaintiffs repeat, reallege and reiterate complaint paragraphs "1" – "9" as though fully set forth herein.

11. By virtue of the foregoing, Korb caused Alex to suffer and continue to suffer great mental and emotional anguish, pain and suffering, causing her to live in

2.

fear, unable to sleep, unable to socialize with peers, unable to enjoy normal relationships and interaction with male acquaintances and causing her to forever lose the quality of life and joy of work, study and play that she had prior to the attack by Korb.

12. Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

### AS AND FOR A THIRD CAUSE OF ACTION BY ALEX AGAINST KORB

13. Plaintiffs repeat, reallege and reiterate complaint paragraphs "10" – "12" as though fully set forth herein.

14. By virtue of the foregoing, plaintiff now receives professional treatment for her mental and emotional damage and suffering, which services she will likely need for the rest of her life.

15. Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $250,000.00.

### AS AND FOR A FIRST CAUSE OF ACTION BY ALEX AGAINST YALE

16. Plaintiffs repeat, reallege and reiterate complaint paragraphs "13" – "15" as though fully set forth herein.

17. Yale provided the facilities and encouraged its students to attend and party at "Camp Yale", providing and making available alcohol to all students, including those under the legal drinking age. Yale provided no security and enforced no

3.

policies or rules of conduct to limit or monitor the activities or their duration.

18. By virtue of the foregoing, Yale was negligent and failed to exercise proper supervision and control over its premises and students. It violated applicable law in providing alcohol. This wanton negligence was a proximate cause of the conduct of Korb against Alex.

19. Accordingly, Yale is liable to plaintiff in a sum to be determined at trial, but not less than three million dollars.

### AS AND FOR A SECOND CAUSE OF ACTION BY ALEX AGAINST YALE

20. Plaintiffs repeat, reallege and reiterate complaint paragraphs "16" – "19" as though fully set forth herein.

21. Yale was or should have been aware that Korb had a history of assaultive and violent behavior and that Korb had previously assaulted, by biting, a male student at Yale; Yale knew that there had been numerous prior incidents of sexual and other assaults by its male students against female students; Yale took no steps and instituted no programs or protocol to attempt to prevent such incidents, educate its students, employees, police personnel and faculty as to the reporting and handling of such incidents; Yale took no meaningful punishment action against those who had committed earlier offenses.

22. By virtue of the foregoing, Yale's conduct was reckless and wantonly negligent; Yale has acted in reckless and wanton disregard of the possible consequences to plaintiff and said conduct unreasonably exposed plaintiff to

4.

probable serious harm.

23. Accordingly, Yale is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

### AS AND FOR A THIRD CAUSE OF ACTION BY ALEX AGAINST YALE

24. Plaintiffs repeat, reallege and reiterate complaint paragraphs "20" – "23" as though fully set forth herein.

25. By virtue of the foregoing, Yale's conduct was willful, well knowing that their misconduct unreasonably exposed Alex to probable serious harm.

26. Accordingly, Yale is liable to Alex in a sum not less than six million dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION BY ALEX AGAINST YALE

27. Plaintiffs repeat, reallege and reiterate complaint paragraphs "24" – "26" as though fully set forth herein.

28. Yale was on notice that Korb, after his plea in October, 2006, was not to be present on its New Haven campus to assure that Alex would be secure and free of anxiety and fear; Yale, however, without notice to Alex or the appropriate authorities, permitted Korb to enter and remain on its New Haven campus, without escort, supervision or time limitation; in fact, he and his friends had planned a party that night, on campus, for him; had Alex not learned of his presence and alerted the authorities, Korb, with Yale's permission and collusion, would have violated his probation conditions.

29. By virtue of the foregoing, Yale acted in a reckless, wanton and willful manner, causing injury and damage to plaintiff.

30. Accordingly, Yale is liable to Alex in a sum not less than one million dollars.

### AS AND FOR A FIRST CAUSE OF ACTION BY CONNIE AGAINST KORB

31. Plaintiffs repeat, reallege and reiterate complaint paragraphs "27" – "30" as though fully set forth herein.

32. The conduct of Korb caused Connie great mental and emotional pain and suffering as she observed Alex's pain, suffering, injuries and loss of what had been a happy, secure, vibrant and loving daughter; Connie has been requiring professional care and treatment.

33. By virtue of the foregoing, Korb is liable to Connie for her care and treatment, which likely will be necessary for the rest of her life.

34. Accordingly, Korb is liable to Connie in a sum to be determined at trial, but not less than $150,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION BY CONNIE AGAINST KORB

35. Plaintiffs repeat, reallege and reiterate complaint paragraphs "31" – "34" as though fully set forth herein.

36. By virtue of the foregoing, Korb is liable to Connie for her mental and emotional suffering, anguish and pain.

37. Accordingly, Korb is liable to Connie for a sum not less than one million dollars.

6.

## AS AND FOR A FIRST CAUSE OF ACTION BY CONNIE AGAINST YALE

38. Plaintiffs repeat, reallege and reiterate complaint paragraphs "35" – "37" as though fully set forth herein.

39. Yale's conduct exposed Alex to probable and actual harm before and after the attack by Korb. Yale gave no support or assistance to Connie in her dealing with her suffering, left Connie to move Alex's belongings to her new dorm after the Korb attack and exposed Connie to the comments and taunts of the Yale students who were friends and supporters of Korb; Yale exposed Alex to fear and harm in permitting him on campus after his plea and sentence.

40. By virtue of the foregoing, Yale is liable to Connie for her mental and emotional pain and suffering.

41. Accordingly, Yale is liable to Connie in a sum not less than two million dollars.

## AS AND FOR A SECOND CAUSE OF ACTION BY CONNIE AGAINST YALE

42. Plaintiffs repeat, reallege and reiterate complaint paragraphs "35" – "37" as though fully set forth herein.

43. By virtue of the foregoing, Yale's conduct was a cause of Connie's mental and emotional pain and suffering, for which she is now and will continue to need to receive treatment.

44. Accordingly, Yale is liable to Connie a sum to be determined at trial, a sum not less than $150,000.00.

**WHEREFORE**, it is respectfully requested that the Court grant judgment to Plaintiffs against Defendants as follows:

1. $500,000.00 on Alex's first cause of action against Korb;

2. Three million dollars on Alex's second cause of action against Korb;

3. $250,000.00 on Alex's third cause of action against Korb;

4. Three million dollars on Alex's first cause of action against Yale;

5. Three million dollars on Alex's second cause of action against Yale;

6. Six million dollars on Alex's third cause of action against Yale;

7. One million dollars on Alex's fourth cause of action against Yale;

8. $150,000.00 on Connie's first cause of action against Korb;

9. One million dollars on Connie's second cause of action against Korb;

10. Two million dollars on Connie's first cause of action against Yale;

11. $150,000.00 on Connie's second cause of action against Yale;

12. Costs, disbursements and attorney fees incurred in having to bring this action;

13. For such other and further relief to Plaintiffs that this Court may deem just, proper and equitable.

Dated: February 25, 2007
Cortlandt Manor, NY

DAVID RABIN, ESQ.
Attorney for Plaintiffs
3889 Crompond Road
Cortlandt Manor, NY   10567
(914) 739-3209

8.

VERIFICATION:

DAVID RABIN, an attorney admitted to practice law before the Courts of this State, affirms, under penalty of perjury, as follows: I am the attorney for plaintiffs herein and the foregoing complaint is true to my knowledge, based upon information and belief; the basis of my belief consists of documents I have reviewed and conversations with my clients and witnesses. The reason that this verification is not made by defendants is that they do not reside or do business in the County where my office is located.

Dated: March 30, 2007
       Cortlandt Manor, New York

_____
David Rabin

SUPREME COURT                                               Index No.
COUNTY OF BRONX
ALEXANDRA GERENA and CONSTANCE GERENA,

                                                Plaintiffs

against

GREGORY KORB and YALE UNIVERSITY,

        Defendants.

---

**RABIN LAW OFFICE**
David Rabin, Esq.
Attorney for Plaintiffs
3889 Crompond Road
Cortlandt Manor, New York   10567
(914) 739-3209

---

Service is hereby admitted: _____

                      Name:
Date:

The within is a true and accurate copy of a decision / order entered in the office of the Clerk of _____ County on the ___ day of _____.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 19, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system. In addition, pursuant to Federal Rule of Civil Procedure 5 and Local Civil Rule 5.3, I certify that, on November 19, 2007, a copy of the foregoing has been mailed, by overnight delivery service, to the following:

David Rabin, Esq.
Rabin Law Office
3889 Crompond Road
Cortlandt Manor, NY  10567

      /s/ R. Scott Greathead
R. Scott Greathead  (RSG 7824)

\490\197\53442.3 [N.Y.]