R. Scott Greathead (RSG 7824)
Wiggin and Dana LLP
450 Lexington Avenue
New York, New York 10017
(212) 490-1700

*Attorneys for Defendant*
Yale University

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                     :
ALEXANDRA GERENA and CONSTANCE       :    ECF Case
GERENA,                              :
                          Plaintiffs,:    No. 07-Civ. 3976
                                     :    (LBS/GWG)
           against                   :
                                     :    **DECLARATION OF**
GREGORY KORB and YALE UNIVERSITY,    :    **R. SCOTT GREATHEAD**
                                     :    **IN SUPPORT OF**
                          Defendants.:    **MOTION TO DISMISS**
                                     :    **OR TRANSFER**
------------------------------------X

**R. Scott Greathead** under penalty of perjury, declares as follows:

1.    I am a member of the Bar of this Court, and of Wiggin and Dana LLP, attorneys for defendant Yale University ("Yale") in the above-captioned action. I make this affidavit in support of Yale's motion to dismiss the complaint herein or in the alternative to transfer the action to the United States District Court for the District of Connecticut. Unless otherwise indicated, the statements herein are based on my own personal knowledge or an examination of records in the possession of Yale.

**The Allegations in the Complaint**

2.    According to the Complaint, plaintiffs Alexandra Gerena ("Alexandra") and her mother, Constance Gerena ("Constance") are both residents of Bronx County in the State of New

York. Complaint, ¶¶ 1, 2. The Complaint alleges that in August 2005, Alexandra, while a student at Yale, was physically and sexually assaulted by defendant Gregory Korb ("Korb"), a resident of New Jersey and also a student at Yale. Complaint, ¶¶ 3, 5 and 6. Korb was subsequently arrested in Connecticut, convicted of two misdemeanor offenses, and placed on probation. Complaint, ¶ 7. As part of Korb's probation, he was "banned" from Yale's campus. Complaint, ¶ 7.

3. Plaintiffs allege that Yale is in part responsible for Korb's conduct because the assault occurred after Alexandra and Korb attended "Camp Yale," a social function where it is alleged that Yale provided alcohol to its students, and failed to provide security, enforce policies or rules. Complaint, ¶ 17. The evidence will show that "Camp Yale" is not a University social function, but a term used by students – not Yale – to describe the period of time prior to the commencement of the fall semester. The evidence will also show Yale does not supply alcohol to students.

4. Additionally, plaintiffs allege that subsequent to the assault, Yale "colluded" with Korb by permitting him back on Yale's campus in violation of his probation so that he could attend a party. Complaint, ¶ 28. Yale will dispute this allegation if required to answer the Complaint.

**The Complaint Was Not Timely Served With Proper Process**

5. As set forth in the accompanying memorandum of law, Yale moves to dismiss on the grounds that the summons was not in proper form and that plaintiffs' attempt to serve process was untimely under Federal Rule of Civil Procedure 4(c)(1) and 4(m), and therefore void. Plaintiff originally filed the Summons and Complaint in the Supreme Court, State of New York, Bronx County, on April 24, 2007. Yale timely removed the action to this Court on May 22, 2007. As set forth in the accompanying memorandum of law and the Declaration of Susan

2

Sawyer, submitted herewith, plaintiffs had 120 days from the date of removal, or until September 19, 2007, to serve Yale with process, and failed to do so.

6.  The lack of service was expressly raised and discussed with plaintiffs' counsel at the status conference held before this Court on July 16, 2007. At that conference, the Court directed the parties to submit status letters to chambers on September 4, 2007—i.e., over seven weeks *after* the status conference at which the lack of service was noted, and over two weeks before the deadline for service. The parties were required in their status letters to update the Court on plaintiffs' efforts to serve each defendant. In the event there had been service, the status letters also had to state what motions were planned and a proposed schedule for the motions.

7.  On September 4, 2007, counsel for each defendant, Yale and Korb, respectively submitted to Judge Sand's chambers and served on plaintiffs' counsel their required status letters, advising that service had still not been effectuated on either defendant. Copies of the status letters submitted by counsel for Yale and Korb are annexed hereto as Exhibits 1 and 2, respectively. Plaintiffs' counsel did not bother to submit his required status letter to the Court, nor did he request an extension of time to effectuate service. Plaintiffs' counsel communicated nothing to defense counsel, so that Yale could not know whether plaintiffs even intended to pursue this lawsuit.

**If It Is Not Dismissed, the Action Should Be Transferred to the District of Connecticut**

8.  It cannot reasonably be disputed that all events alleged in the Complaint occurred in New Haven, Connecticut. As set forth in the accompanying memorandum of law, not only is the District of Connecticut a proper venue in this case pursuant to 28 U.S.C. § 1391(a), it is in fact the *only* appropriate venue had this action originally been commenced in Federal court.

Thus, transfer is not only permissible here, but the reasons for transferring, as described below, are compelling.

      **(i)      All or Virtually All Witnesses are Located in the District of Connecticut**

      9.      In the instant action, most, if not virtually all, witnesses will be Yale students, faculty, administrators and police officers as all of the events alleged in the complaint occurred at Yale.

      10.      Yale University Police Sergeants Jones and Brano were directly involved in the initial investigation by preparing the incident report and taking Alexandra's statement. Yale University Police Lieutenant Holohan, along with Brano, interviewed Korb subsequent to the incident. Yale University Police Detective Mullen and Officer Dercole were directly responsible for inspecting Korb's dormitory room shortly after the alleged assault and will testify as to the evidence they uncovered. Each of these individuals will be a material witness at trial.

      11.      There are also several Yale administrators who will offer pertinent testimony in this matter. Stephen Lassonde, the Dean of Calhoun College, and Jonathan Holloway, the Master of Calhoun College, first had contact with Alexandra after the alleged assault and will testify about Alexandra's initial report of the incident, as well as her demeanor and condition at that time. Dean Lassonde and Master Holloway, along with freshman counselor, Molissa Farber, who met with Alexandra and her parents at the Yale University Health Plan after the alleged assault, will refute plaintiffs' claims that Yale failed to provide support to Alexandra and her mother subsequent to the incident. Betty Trachtenberg, Dean of Student Affairs, will testify as to Yale's policy on providing alcohol at Yale events; Jill Cutler, Secretary of the Executive Committee, will testify about other claims brought against Yale; Jasmina Besirevic, Dean of Trumbull College, and Alexandra's present dean, is expected to testify regarding Alexandra's

4

claims that she is no longer able to socialize with peers, enjoy interactions with male acquaintances, and enjoy the quality of life, work, study and play.

12. Finally, there are several Yale University students who will testify, including Andriana Diez, a close friend of Korb who spent the evening of the alleged assault with Korb, and Tom Abell, Korb's suite mate.

13. The aforementioned witnesses are only those witnesses Yale is *currently* aware of. Plaintiffs allege that Yale is responsible for the assault because it knew that Korb had a history of "assaultive and violent behavior," based on an alleged previous assault by Korb on another Yale student. Complaint ¶ 21. Plaintiffs also allege that Yale knew of numerous prior incidents of sexual and other assaults by male students against female students, yet instituted no programs or protocol to prevent such incidents and took no meaningful punishment against these other students who committed similar offenses. Complaint ¶ 21. In the absence of discovery, Yale cannot know to what incidents the plaintiffs refer in their complaint. However, assuming any such incidents did occur, all witnesses to those incidents would be Yale students, faculty, staff and police officers. Thus, there may be a large number of unidentified Connecticut-based witnesses who will be required to testify at trial.

14. It is beyond reasonable dispute that it would be more convenient for the numerous witnesses involved, who are Yale students, faculty and police officers, to appear for trial in Connecticut than in New York, assuming they can even be compelled to appear in New York.

**(ii)   All or Virtually All Documents Are Located in the District of Connecticut**

15. A reading of the Complaint reveals that Yale's policies and protocols, as well as any files, incident reports, or disciplinary proceedings prepared in connection with any of the alleged assaults occurring on Yale's campus, will be essential to this litigation. The Yale University Police Department file, which includes the incident report, witness statements, and at

least 64 photographs of the dormitory room, will be material evidence. The documents are at Yale's facilities, which are all in Connecticut. As discussed in the accompanying memorandum of law, transfer is appropriate on this ground as well.

**Wherefore,** it is respectfully requested that this Court grant in all respects Yale's motion to dismiss the complaint herein or in the alternative to transfer the action to the United States District Court for the District of Connecticut, together with such other and further relief as the Court deems just and proper.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.
Executed in New York, New York on this 19 day of November, 2007.

R. Scott Greathead

## CERTIFICATE OF SERVICE

I hereby certify that, on November 19, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system. In addition, pursuant to Federal Rule of Civil Procedure 5 and Local Civil Rule 5.3, I certify that, on November 19, 2007, a copy of the foregoing has been mailed, by overnight delivery service, to the following:

David Rabin, Esq.
Rabin Law Office
3889 Crompond Road
Cortlandt Manor, NY  10567


      /s/  R. Scott Greathead
    R. Scott Greathead  (RSG 7824)