UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                    :
ALEXANDRA GERENA and                                :    07 Civ. 3976 (LBS/GWG)
CONSTANCE GERENA,                                   :
                                                    :    **NOTICE OF MOTION**
                                                    :    **PURSUANT TO**
                                                    :    **FED R. CIV. P. 12**
                                                    :    **FOR LACK OF JURISDICTION**
                      Plaintiffs,                   :
                                                    :    **ECF**
        -against-                                   :
                                                    :
GREGORY KORB and                                    :
YALE UNIVERSITY,                                    :
                                                    :
                      Defendants.   :
-------------------------------------------------------x


**PLEASE TAKE NOTICE** that, upon the Memorandum of Law in Support of

Defendant Gregory Korb's Motion to Dismiss and In Partial Opposition to Yale University's

Motion to Transfer, the Declaration of Kennisha A. Austin, dated December 3, 2007 and the

exhibits attached thereto, the annexed Complaint and upon all prior proceedings and pleadings

had herein, Defendant Gregory Korb, by his counsel Emery Celli Brinckerhoff & Abady LLP,

will move this Court at the United States Courthouse for the Southern District of New York, 500

Pearl Street, New York, New York, courtroom 15-A, before the Honorable Leonard B. Sand,

United States District Judge, on Thursday, December 13, 2007 at 2:15 P.M., for an Order:

1.    Dismissing the complaint against defendant Gregory Korb for lack of

      personal jurisdiction, failure to serve process, and because the claims are

      time-barred pursuant to Federal Rules of Civil Procedures 12(b)(2),

      12(b)(4), 12(b)(5), 12(b)(6) and 4(m);

2.    Granting defendant Gregory Korb's motion to dismiss the complaint

      against him prior to deciding co-defendant Yale University's motion to

transfer this action to the United States District Court for the District of

Connecticut;

3.      For such other and further relief as the Court deems just and proper.

Dated: December 4, 2007
       New York, New York

                                    EMERY CELLI BRINCKERHOFF
                                    & ABADY LLP

                                    By:      _____/s/_____
                                             Richard D. Emery (RDE-5181)
                                             Kennisha Austin (KA-1269)

                                    75 Rockefeller Plaza, 20th Floor
                                    New York, New York 10019
                                    (212) 763-5000

                                    *Attorneys for Defendant Korb*

# COMPLAINT

SUPREME COURT : STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------X
ALEXANDRA GERENA and CONSTANCE
GERENA,

                Plaintiffs,

against

GREGORY KORB and YALE UNIVERSITY,

                Defendants.
------------------------------------------------X

Date Purchased:
Index No.:    14413-07

**SUMMONS**

Plaintiff designates
**Bronx County**
as the place of trial

The basis of venue is:
residence of plaintiff

### TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this

action and to serve a copy of your answers or, if the complaint is not served with

this summons, to serve a notice of appearance, on plaintiff's attorney within

twenty (20) days after service of this summons, exclusive of the day of service

( or within thirty (30) days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the

relief demanded in the complaint.

DATED: March 30, 2007

David Rabin, Esq.
Attorney for Plaintiffs
3889 Crompond Road
Cortlandt Manor, NY   10567
(914) 739-3209

SUPREME COURT : STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

ALEXANDRA GERENA and CONSTANCE
GERENA,

Index No.   14413-07

Plaintiffs,

-against-                                         **VERIFIED COMPLAINT**

GREGORY KORB and YALE UNIVERSITY

Defendants.

---------------------------------------------------------------X

Plaintiffs, by their attorney, David Rabin, Esq., complaining against

defendants, allege as follows:

**THE PARTIES**

1.  Alexandra Gerena is a natural person residing in Bronx County, State of New

York ( Alex ).

2.  Constance Gerena is a natural person residing in Bronx County, State of

New York ( Connie ).

3.  Upon information and belief, Gregory Korb is a natural person residing in the

State of New Jersey.

4.  Upon information and belief, Yale University is an institution of higher

learning with its main offices located in New Haven, Connecticut ( Yale ).

**AS AND FOR A FIRST CAUSE OF ACTION BY ALEX AGAINST KORB**

5.  In or about August, 2005, Alex and Korb were students at Yale and were

attending "Camp Yale", sponsored by Yale for its students to socialize and party

1.

prior to the start of the Fall Semester.

6.  After a day of partying and drinking, Korb accompanied Alex to her dorm room and subjected her to physical and sexual assault, biting her about her face and breasts, causing severe physical injury, pain and suffering. He physically restrained her and prevented her from leaving until he was done.

7.  Korb was arrested, charged with sexual assault and related felony charges and in or about October, 2006, he pled "no contest" as he agreed that the prosecutor would prove his guilt beyond a reasonable doubt and that he would be jailed for years. By his plea, which was permitted only because of the consent and humanity of Alex, he was convicted of two reduced misdemeanor offenses, assault and criminal restraint and placed on probation, banned from the New Haven campus of Yale, and ordered to have alcohol, drug and mental evaluations and to follow all recommended treatment regimens.

8.  By virtue of the foregoing, Korb assaulted and severely injured Alex, causing great pain and suffering.

9.  Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $500,000.00.

**AS AND FOR A SECOND CAUSE OF ACTION BY ALEX AGAINST KORB**

10.  Plaintiffs repeat, reallege and reiterate complaint paragraphs "1" – "9" as though fully set forth herein.

11.  By virtue of the foregoing, Korb caused Alex to suffer and continue to suffer great mental and emotional anguish, pain and suffering, causing her to live in

2.

fear, unable to sleep, unable to socialize with peers, unable to enjoy normal relationships and interaction with male acquaintances and causing her to forever lose the quality of life and joy of work, study and play that she had prior to the attack by Korb.

12.   Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

## AS AND FOR A THIRD CAUSE OF ACTION BY ALEX AGAINST KORB

13.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "10" – "12" as though fully set forth herein.

14.   By virtue of the foregoing, plaintiff now receives professional treatment for her mental and emotional damage and suffering, which services she will likely need for the rest of her life.

15.   Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $250,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION BY ALEX AGAINST YALE

16.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "13" – "15" as though fully set forth herein.

17.   Yale provided the facilities and encouraged its students to attend and party at "Camp Yale", providing and making available alcohol to all students, including those under the legal drinking age. Yale provided no security and enforced no

3.

policies or rules of conduct to limit or monitor the activities or their duration.

18.    By virtue of the foregoing, Yale was negligent and failed to exercise proper supervision and control over its premises and students. It violated applicable law in providing alcohol. This wanton negligence was a proximate cause of the conduct of Korb against Alex.

19.    Accordingly, Yale is liable to plaintiff in a sum to be determined at trial, but not less than three million dollars.

## AS AND FOR A SECOND CAUSE OF ACTION BY ALEX AGAINST YALE

20.    Plaintiffs repeat, reallege and reiterate complaint paragraphs "16" – "19" as though fully set forth herein.

21.    Yale was or should have been aware that Korb had a history of assaultive and violent behavior and that Korb had previously assaulted, by biting, a male student at Yale; Yale knew that there had been numerous prior incidents of sexual and other assaults by its male students against female students; Yale took no steps and instituted no programs or protocol to attempt to prevent such incidents, educate its students, employees, police personnel and faculty as to the reporting and handling of such incidents; Yale took no meaningful punishment action against those who had committed earlier offenses.

22.    By virtue of the foregoing, Yale's conduct was reckless and wantonly negligent; Yale has acted in reckless and wanton disregard of the possible consequences to plaintiff and said conduct unreasonably exposed plaintiff to

4.

probable serious harm.

23. Accordingly, Yale is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

## AS AND FOR A THIRD CAUSE OF ACTION BY ALEX AGAINST YALE

24. Plaintiffs repeat, reallege and reiterate complaint paragraphs "20" – "23" as though fully set forth herein.

25. By virtue of the foregoing, Yale's conduct was willful, well knowing that their misconduct unreasonably exposed Alex to probable serious harm.

26. Accordingly, Yale is liable to Alex in a sum not less than six million dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION BY ALEX AGAINST YALE

27. Plaintiffs repeat, reallege and reiterate complaint paragraphs "24" – "26" as though fully set forth herein.

28. Yale was on notice that Korb, after his plea in October, 2006, was not to be present on its New Haven campus to assure that Alex would be secure and free of anxiety and fear; Yale, however, without notice to Alex or the appropriate authorities, permitted Korb to enter and remain on its New Haven campus, without escort, supervision or time limitation; in fact, he and his friends had planned a party that night, on campus, for him; had Alex not learned of his presence and alerted the authorities, Korb, with Yale's permission and collusion, would have violated his probation conditions.

29. By virtue of the foregoing, Yale acted in a reckless, wanton and willful manner, causing injury and damage to plaintiff.

5.

30. Accordingly, Yale is liable to Alex in a sum not less than one million dollars.

## AS AND FOR A FIRST CAUSE OF ACTION BY CONNIE AGAINST KORB

31. Plaintiffs repeat, reallege and reiterate complaint paragraphs "27" – "30" as though fully set forth herein.

32. The conduct of Korb caused Connie great mental and emotional pain and suffering as she observed Alex's pain, suffering, injuries and loss of what had been a happy, secure, vibrant and loving daughter; Connie has been requiring professional care and treatment.

33. By virtue of the foregoing, Korb is liable to Connie for her care and treatment, which likely will be necessary for the rest of her life.

34. Accordingly, Korb is liable to Connie in a sum to be determined at trial, but not less than $150,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION BY CONNIE AGAINST KORB

35. Plaintiffs repeat, reallege and reiterate complaint paragraphs "31" – "34" as though fully set forth herein.

36. By virtue of the foregoing, Korb is liable to Connie for her mental and emotional suffering, anguish and pain.

37. Accordingly, Korb is liable to Connie for a sum not less than one million dollars.

6.

## AS AND FOR A FIRST CAUSE OF ACTION BY CONNIE AGAINST YALE

38.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "35" – "37" as though fully set forth herein.

39.   Yale's conduct exposed Alex to probable and actual harm before and after the attack by Korb. Yale gave no support or assistance to Connie in her dealing with her suffering, left Connie to move Alex's belongings to her new dorm after the Korb attack and exposed Connie to the comments and taunts of the Yale students who were friends and supporters of Korb; Yale exposed Alex to fear and harm in permitting him on campus after his plea and sentence.

40.   By virtue of the foregoing, Yale is liable to Connie for her mental and emotional pain and suffering.

41.   Accordingly, Yale is liable to Connie in a sum not less than two million dollars.

## AS AND FOR A SECOND CAUSE OF ACTION BY CONNIE AGAINST YALE

42.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "35" – "37" as though fully set forth herein.

43.   By virtue of the foregoing, Yale's conduct was a cause of Connie's mental and emotional pain and suffering, for which she is now and will continue to need to receive treatment.

44.   Accordingly, Yale is liable to Connie a sum to be determined at trial, a sum not less than $150,000.00.

7.

**WHEREFORE,** it is respectfully requested that the Court grant

judgment to Plaintiffs against Defendants as follows:

1. $500,000.00 on Alex's first cause of action against Korb;

2. Three million dollars on Alex's second cause of action against Korb;

3. $250,000.00 on Alex's third cause of action against Korb;

4. Three million dollars on Alex's first cause of action against Yale;

5. Three million dollars on Alex's second cause of action against Yale;

6. Six million dollars on Alex's third cause of action against Yale;

7. One million dollars on Alex's fourth cause of action against Yale;

8. $150,000.00 on Connie's first cause of action against Korb;

9. One million dollars on Connie's second cause of action against Korb;

10. Two million dollars on Connie's first cause of action against Yale;

11. $150,000.00 on Connie's second cause of action against Yale;

12. Costs, disbursements and attorney fees incurred in having to bring this

action;

13. For such other and further relief to Plaintiffs that this Court may deem just,

proper and equitable.

Dated: February 25, 2007
      Cortlandt Manor, NY

DAVID RABIN, ESQ.
Attorney for Plaintiffs
3889 Crompond Road
Cortlandt Manor, NY   10567
(914) 739-3209

8.