UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
                                                    :
ALEXANDRA GERENA and                                :    07 Civ. 3976 (LBS/GWG)
CONSTANCE GERENA,                                   :
                                                    :    **ECF**
                                                    :
                                                    :
                        Plaintiffs,                 :
                                                    :
    -against-                                       :
                                                    :
GREGORY KORB and                                    :
YALE UNIVERSITY,                                    :
                                                    :
                        Defendants.                 :
----------------------------------------------------X

## DEFENDANT KORB'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS & IN PARTIAL OPPOSITION TO CO-DEFENDANTS' YALE UNIVERSITY'S MOTION TO TRANSFER

Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5000

*Attorneys for Defendant Gregory Korb*

# TABLE OF CONTENTS

**PAGE NO(s)**:

TABLE OF AUTHORITIES ............................................. ii-iv

PRELIMINARY STATEMENT ............................................. 1

BACKGROUND ....................................................... 2

ARGUMENT ......................................................... 3

    I.     This Court Lacks Personal Jurisdiction over Defendant Korb
          Necessitating Dismissal of This Case Against Him ...................... 3

    II.    Plaintiffs Have Failed to Comply With Their Obligations Under
          the Federal Rules to Timely Serve Defendant Korb ...................... 8

    III.   Plaintiffs' Claims Against Defendant Korb Are Untimely And
          Must Be Dismissed ............................................. 10

    IV.   Transferring This Case Prior to Dismissing Defendant Korb Would Result
          in a Miscarriage of Justice That Will Unfairly Burden Him ............... 11

CONCLUSION ....................................................... 12

# TABLE OF AUTHORITIES

**FEDERAL CASES**:                                                                                                    **NO(s)**:

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
    222 F.R.D. 79, 81 .................................................. 9

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
    171 F.3d 779 (2d Cir.1999) ........................................ 4, 6

*Beatie & Osborn LLP v. Patriot Scientific Corp.*,
    431 F.Supp.2d 367 (S.D.N.Y. 2006) ................................ 4, 5

*Bensusan Restaurant Corp. v. King*,
    126 F.3d 25 (2d Cir.1997) .......................................... 3

*Bey v. United States Postal Service*,
    No. 03 Civ. 4081, 2005 WL 2923516 (S.D.N.Y. Nov. 4, 2005) ......... 8-9

*Garland v. Herrin*,
    724 F.2d 16 (2d Cir. 1983) ........................................ 11

*Gonzalez v. Luongo*,
    No. 97 Civ. 1831, 1999 WL 504931 (S.D.N.Y. July 16, 1999) ......... 10

*Maldonando v. Rogers*,
    99 F.Supp.2d 235 (N.D.N.Y. 2000) ................................. 3, 7

*Mareno v. Rowe*,
    910 F.2d 1043, 1046 (2d Cir.1990) ................................. 6

*Mariani v. Consolidated Edison Co.*,
    982 F.Supp. 267 (S.D.N.Y. 1997), *aff'd*,
    No. 97 civ. 9502, 1998 WL 961111 (2d Cir. Jan. 25, 1998) .......... 10, 11

*Mende v. Milestone Tech., Inc.*,
    269 F.Supp.2d 246, 251 (S.D.N.Y. 2003) ............................ 8

*Swindell v. Florida East Coast Railway*,
 42 F. Supp. 2d 320, 325-26 (S.D.N.Y. 1999), *aff'd*,
 201 F.3d 432 (2d Cir. 1999) ................................... 5

*United Bank of Kuwait v. James M. Bridges, Ltd.*,
 766 F.Supp. 113 (S.D.N.Y.1991) ................................ 7

*Warrick v. Gen. Elec. Co.*,
 70 F.3d 736 (2d Cir. 1995) ................................... 11

## STATE CASES

*Hermann v. Sharon Hosp., Inc.*,
 135 A.D.2d 682, 522 N.Y.S.2d 581 (2d Dep't 1987) ............... 6

*McGowan v. Smith*,
 52 N.Y.2d 268 (1981) .......................................... 5

**FEDERAL STATUTES**

28 U.S.C. § 1404(a) .................................................... 11


**STATE STATUTES**

N.Y. C.P.L.R. § 215 .................................................... 10

N.Y. C.P.L.R. § 215(3) ...................................................11

N.Y.C.P.L.R. § 302(a) .................................................... 4

N.Y. C.P.L.R. § 302 (a)(1) ..................................................4

N.Y. C.P.L.R. § 302(a)(2) ............................................... 5, 7

N.Y.C.P.L.R. § 302(a)(3) .............................................. 5, 6, 7


**STATE RULES**

F.R.C.P. 12(b)(2) .........................................................3

F.R.C.P. 12(b)(5) ...................................................... 8

F.R.C.P. 12(b)(6) ...................................................... 10

Defendant Gregory Korb ("Gregory" or "defendant Korb"), through his counsel, submits this memorandum of law (and the accompanying declaration of Kennisha Austin, Esq.) in support of his motion to dismiss plaintiffs' claims against him for lack of personal jurisdiction, lack of service of process, and because all of the claims against him are time-barred. Gregory also opposes his co-defendant, Yale University's ("Yale") alternative motion to transfer this action to the United States District Court for the District of Connecticut *prior* to him being dismissed from this case.

## PRELIMINARY STATEMENT

This motion seeks dismissal of claims by plaintiffs, Alexandra Gerena ("Alexandra") and her mother, Constance Gerena ("Constance"), originally brought in Bronx Supreme Court and subsequently removed to this Court, for damages arising out of an alleged assault that resulted in Gregory pleading nolo contendere in Connecticut. The original complaint in this action was filed on April 24, 2007 in New York, but to date, defendant Korb has not been served with process. Second, no basis exists under the New York long-arm jurisdiction statute to exercise personal jurisdiction over defendant Korb, a resident and domiciliary of New Jersey. Third, plaintiffs' action is time-barred. Therefore, defendant Korb moves to dismiss this action.

Finally, defendant Korb opposes transfer of this case to Connecticut prior to dismissal of the case alleged against him. Plaintiffs filed this case in New York and none of the reasons advanced in support of Yale's transfer motion warrant transferring the case to Connecticut prior to adjudicating defendant Korb's substantive rights in New York. Granting Yale's requested transfer prior to dismissing the case against defendant Korb will prejudice him.

## BACKGROUND

On April 24, 2007, Alexandra and Constance (collectively "plaintiffs") commenced the instant action in the New York Supreme Court for Bronx County. Prior to plaintiffs serving the state court summons and complaint on Gregory or Yale University, on May 22, 2007, Yale removed this case (on diversity grounds) to the United States District Court for the Southern District of New York. Although Gregory consented to Yale's request for removal, he did so expressly reserving his rights to contest the issues of personal jurisdiction and service of process. *See* Austin Decl., Exhibit ("Ex.") 1 (Docket Entry ("DE") No. 3) (Notice of Consent to Removal, June 13, 2007 ).[1] As a result of the removal, plaintiffs had 120 days from May 22 to serve defendants. Accordingly, service of process had to occur by no later than September 19, 2007.

On July 16, 2007, all parties, through their respective counsel, attended a status conference before this Court.[2] At the conference, defendants informed the Court that they had yet to be served, prompting the Court to order all parties to update the Court, by letter, on the status of service of process on September 4, 2007. On September 4, both defendants wrote to the Court, and served on plaintiffs' counsel, the requested letters, informing the Court that they still had not been served.[3] Defendants did not, however, receive the required letter from plaintiffs'

---

[1] Exhibits referenced herein are attached to the accompanying declaration of Kennisha Austin, dated December 3, 2007.

[2] Because Gregory had not been served, his counsel, Richard Emery, did not make a formal appearance at the July 16 conference. Instead, Mr. Emery attended as an interested party and to be available to the Court to answer any questions that might be raised.

[3] Gregory's counsel noted in the September 4 letter that while we were respectfully submitting the letter in accordance with the Court's request, "its submission should in no way no

Page 2

counsel.

September 19 passed without plaintiffs serving process on the defendants even though they had months to do so and two weeks earlier had received notice that service of process still had not occurred. Moreover, not only did plaintiffs, inexplicably, allow the 120-day deadline to serve lapse, but they also did not request an extension of time to effect service. Since Yale's removal of this action almost seven months ago, plaintiffs have done nothing to prosecute this action.

## ARGUMENT

### I. This Court Lacks Personal Jurisdiction Over Defendant Korb Necessitating Dismissal Of This Case Against Him

Plaintiffs' claims, asserted in New York and brought under New York law, must be dismissed against Gregory for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Where subject matter jurisdiction is predicated upon the diversity of the parties, the law of the forum state applies in determining whether a plaintiff has personal jurisdiction over a defendant. *Maldonando v. Rogers*, 99 F.Supp.2d 235, 236-37 (N.D.N.Y. 2000) (citations omitted). The Court will look to New York's long-arm statute to determine whether personal jurisdiction exists over a non-domiciliary. "If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process." *Id.* at 237 (quoting *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir.1997)) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999)).

---

way be construed as an appearance in this case or waiver of Mr. Korb's rights regarding service of process." *See* Austin Decl., Ex. 2 (Letter from R. Emery to Court, dated Sept. 4, 2007).

Page 3

When considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, it is well-established that "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels*, 171 F.3d at 784 (citation omitted). Plaintiffs cannot possibly meet this burden. Gregory is a resident and domiciliary of the state of New Jersey. *See* Austin Decl., Ex. 3 (Declaration of Gregory Korb, dated December 3, 2007) ("Korb Decl."). He has no substantial contacts whatsoever to the state of New York. *See id.* Moreover, the alleged acts which form the basis for plaintiffs' complaint did not occur in New York, but in Connecticut. In fact, the only connection to this action and New York is the fact that the *plaintiffs* are domiciled here, but that is irrelevant to the question of personal jurisdiction over Gregory. *See McGowan v. Smith*, 52 N.Y.2d 268, 274-75 (N.Y. 1981) (concluding that New York does not become the situs of the injury merely because the plaintiff is a domiciliary or resident of New York).

The New York long-arm statute authorizes personal jurisdiction over non-domiciliaries under several circumstances. *See* N.Y.C.P.L.R. § 302(a). None of the three enumerated provisions in § 302(a) provide a basis for exercising personal jurisdiction over Gregory in this case.

First, CPLR § 302(a)(1) states that a court may exercise personal jurisdiction over a non-domiciliary when he "transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" Accordingly, "jurisdiction is proper under section 302(a)(1) when: (1) the defendant has transacted business in New York; and (2) the cause of action arises out of the subject matter of the transacted business." *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367, 387 (S.D.N.Y. 2006) (citations omitted)).

Specifically, there must be "an articulable nexus between the business transacted and the cause of action sued upon." *McGowan*, 52 N.Y.2d at 272. This provision is wholly inapplicable to the instant case. As set forth in Gregory's declaration, his only contact to New York was his job in 2006. *See* Austin Decl., Ex. 3 (Korb Decl.). There is no possible nexus between his job and the cause of action being sued upon, which took place in or around August 2005, well before he worked in New York.

Second, pursuant to CPLR § 302(a)(2), a court may exercise personal jurisdiction over a non-domiciliary when they commit a tortious act within the state. Clearly, no basis for jurisdiction over Gregory can lie under this provision when it is undisputed that all of the alleged tortious acts that form the basis for plaintiffs' complaint occurred in Connecticut, not New York. Moreover, to the extent plaintiffs' complaint is construed as alleging that they suffered the effects of the alleged out-of-state tortious acts in New York, those arguments fail. *See Swindell v. Florida East Coast Railway*, 42 F.Supp.2d 320, 325-26 (S.D.N.Y. 1999) (where plaintiff was exposed to asbestos in Florida but became aware of injuries, was ill, and suffered resulting emotional distress in New York, the New York long-arm statute was not satisfied, "[i]f the injury occurs outside of New York and merely becomes manifest in New York or has its greatest consequences in New York, the statute is not satisfied"), *aff'd* 201 F.3d 432 (2d Cir. 1999).

Third, CPLR § 302(a)(3) allows for long-arm jurisdiction over a non-domiciliary in those cases where the non-domiciliary "commits a tortious act [outside] the state causing injury to person and property within the state" *and* the non-domiciliary

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have

Page 5

>consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y.C.P.L.R. § 302(a)(3) (McKinney 2001). Neither subdivision (i) nor (ii) applies in Gregory's case. As set out above, Gregory does not regularly conduct or solicit business or engage in any other persistent course of conduct in the state of the New York. He does not derive substantial revenue from goods used or consumed or services rendered in New York. And he does not derive substantial revenue from interstate or international commerce. Nor did Gregory engage in any of these activities in New York at any time during the time of the tortious acts alleged in plaintiffs' complaint.

Moreover, even if subdivisions (i) or (ii) did apply to Gregory, this Court still would not have personal jurisdiction over Gregory in the state of New York because the relevant injury alleged in plaintiffs' complaint does not meet the "injury . . . within the state" requirement of § 302(a)(3). Specifically, "courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury." *Bank Brussels,* 171 F.3d at 791 (internal quotation marks and citation omitted). "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Mareno v. Rowe,* 910 F.2d 1043, 1046-47 (2d Cir.1990) (internal quotations marks and citations omitted) (where plaintiff lived in New York and sued his New Jersey employer for wrongful discharge, situs of injury was location of events which caused injury, i.e., New Jersey, not place where economic consequences were felt, i.e., New York); *see also Hermann v. Sharon Hosp., Inc.,* 522 N.Y.S.2d 581 (2d Dep't 1987) (in medical malpractice action, situs of injury was

place where plaintiff received medical treatment, not where the effects of the doctor's negligence were felt).

Accordingly, similar to CPLR § 302(a)(2), to the extent that plaintiffs claim that they have satisfied the requirements of § 302(a)(3) because they suffered emotional injuries in New York as a result of the alleged Connecticut tortious acts, they are wrong. Plaintiffs' alleged incidental emotional injuries will not satisfy the statute's requirement that the tortious acts must have caused "*injury* to person or property *within* the state[.]" N.Y.C.P.L.R. § 302(a)(3) (emphasis added); *see also United Bank of Kuwait v. James M. Bridges, Ltd.,* 766 F.Supp. 113, 116 (S.D.N.Y.1991) ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York."); *Maldonando*, 99 F.Supp.2d at 238-39 (interpreting CPLR § 302(a)(3) and holding under New York law that plaintiffs, New York residents, who were injured in Connecticut by a Massachusetts resident did not satisfy the "injury . . . within the state" prong of the provision simply because they suffered resultant damages, including medical expenses and pain and suffering in New York).

Ultimately, defendant Korb has not engaged in any meaningful activity within the state of New York that would subject him to the jurisdiction of this Court. In addition, because contacts between Gregory and the state of New York are so lacking, compelling him to litigate this case in New York would offend the due process clause of the Fourteenth Amendment. Based on the foregoing, this Court plainly lacks any basis for exercising personal jurisdiction over Gregory and this case should be dismissed against him.

## II. Plaintiffs Have Failed To Comply With Their Obligations Under the Federal Rules To Timely Serve Defendant Korb

Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint must be made on a defendant within 120 days after the complaint is filed. If a case has been removed to federal court, such as in this case, then plaintiffs must serve their summons or complaint within 120 days of removal. This case was removed to federal district court from New York State Supreme Court in the Bronx on May 22, 2007, meaning that plaintiffs had until September 19, 2007 to serve Gregory. It is now December 2007, and inexplicably, Gregory still has not been served with process in this action. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(5), this case should be dismissed against Gregory for insufficiency of service of process.

"[I]n considering a motion to dismiss pursuant to [Rule] 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003) (internal quotation marks and citation omitted) (first alternation in original) (second alteration added). Moreover, "[c]onclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." *Id.* at 251 (citation omitted). Finally, "[w]hen a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Id.* (citation omitted).

In the nearly seven months since this case was removed to federal court (and for reasons unbeknownst to Gregory), and in spite of the various options for service available to

Page 8

plaintiffs, Gregory still has yet to be served with process. *See* Austin Decl., Ex. 3 (Korb Decl.). Plaintiffs have failed to submit any evidence of any attempts to serve defendant Korb. Plaintiffs' dilatory conduct is inexcusable and provides more than adequate grounds for dismissal. *See Bey v. U.S. Postal Service*, No. 03 Civ. 4081, 2005 WL 2923516, at *2 (S.D.N.Y. Nov. 4, 2005) (stating that "[i]f, as here, plaintiff fails to properly effect service within 120 days of filing the complaint, the court must dismiss the complaint without prejudice unless plaintiff can show good cause for the failure to serve") (internal quotation marks and citations omitted) (unpublished decision).

"[I]t is well settled that an attorney's inadvertence, neglect, mistake or misplaced reliance does not suffice to establish good cause for failure to make proper service within 120 days." *Id.* (internal quotation marks and citation omitted); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 222 F.R.D. 79 (S.D.N.Y. 2004) (holding that the court would not exercise its discretion and excuse plaintiffs failure to properly serve process, even where defendants had notice of the suit and would not suffer prejudice from allowing the action to proceed and where plaintiff would be barred by the statute of limitations from re-filing a claim against one of the defendants, because of plaintiff's lack of diligence).

Although plaintiffs' lack of service was raised before this Court on July 16, 2007, and reiterated again – seven weeks later – in letters to this Court reporting on the status of plaintiffs' service, to date, plaintiffs still have not served Gregory. Nor have plaintiffs made a timely request for an extension of time to effect service of process or proffered any explanation for failing to do so. Plaintiffs' failure warrants dismissal of this action against Gregory. *See ATSI*, 222 F.R.D. at 81 ("[I]f the Rules are to mean anything, parties must diligently try to follow

them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits. Here, plaintiff's efforts to follow the rules were grossly careless despite the deficiency being called to its attention twice.") (internal quotation marks and citation omitted) (footnote omitted).

Finally, plaintiffs should not be allowed at this late date to make an untimely request for an extension of the time to effect service of process on Gregory, especially since as discussed above there is no personal jurisdiction over Gregory and the claims alleged in plaintiffs' complaint are time-barred, effectively making service futile. *See Mende*, 269 F.Supp.2d at 252 ("Because . . . Plaintiff fails to establish personal jurisdiction over Defendants it would be futile for Plaintiff properly to serve the Defendants.") (citing *Gonzalez v. Luongo*, No. 97 Civ. 1831, 1999 WL 504931, at *1 (S.D.N.Y. July 16, 1999) (denying request for leave to perfect service because "service of the complaint would be futile").

### III. Plaintiffs Claims Against Defendant Korb Are Untimely And Must Be Dismissed

To the extent that plaintiffs' meandering complaint can be deciphered, it appears to allege intentional tort claims against Gregory for sexual assault and battery on Alexandra and claims for intentional infliction of emotional distress that both Alexandra and Constance allege they suffered as a result of the alleged assault and battery. Accordingly, all of plaintiffs' intentional tort claims against Gregory must be dismissed as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* N.Y. C.P.L.R. § 215 (New York's one-year statute of limitations for intentional tort claims).

Plaintiffs allege in their complaint that Gregory committed the intentional tortious

acts specified in the complaint "[i]n or about August 2005." Plaintiffs did not file their complaint until April 24, 2007, almost *two* years after the alleged tortious conduct. Accordingly, plaintiffs' claims are plainly time-barred. *See Mariani v. Consolidated Edison Co.*, 982 F.Supp. 267, 273 (S.D.N.Y. 1997) ("It is well established that the one-year statute of limitations set forth in CPLR § 215(3) for intentional torts is applicable to claims for intentional infliction of emotional distress.") (citation omitted), *aff'd* No. 97 Civ. 9502, 1998 WL 961111, at * 1 (2d Cir. Jan. 25, 1998). As such,

> [a] cause of action for intentional infliction of emotional distress is limited to conduct that occurred within the one-year period immediately preceding the commencement of the action. To hold otherwise would subject defendants to never-ending liability for such claims, which could at any time be triggered by non-extreme, non-outrageous, and non-tortious acts. Merely alleging that such non-actionable conduct was an extension of actionable conduct would resurrect stale time-barred conduct.

*Mariani*, 982 F.Supp. at 273 (internal quotation marks and citations omitted).

Because none of the intentional acts alleged in the complaint occurred one year prior to the commencement of this action, the claims against Gregory must be dismissed.[4]

### IV. Transferring This Case Prior to Dismissing Defendant Korb Would Result In A Miscarriage of Justice That Will Unfairly Burden Him

For the reasons articulated above, Gregory opposes Yale's motion to transfer this case to a United States District Court for the District of Connecticut *prior* to him being dismissed from the action in its entirety. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

---

[4] Additionally, none of the claims brought by Constance (Alexandras mother), alleging emotional pain and suffering from witnessing her daughters emotional harm are cognizable under New York law. *See Garland v. Herrin*, 724 F.2d 16, 21 (2d Cir. 1983) ("New York does not permit a "bystander" to recover for psychic injury resulting from harm inflicted on another.").

Page 11

district or division where it might have been brought." Transferring this case to Connecticut prior to dismissing Gregory would be a perversion of justice.

Plaintiffs chose to bring this case in New York, not Connecticut. *See Warrick v. Gen. Elec. Co.*, 70 F.3d 736, 741 (2d Cir. 1995) (in a 1404(a) motion, the plaintiff's choice of venue is "entitled to substantial consideration"). Accordingly, Gregory is entitled to have his rights vindicated in this forum before the case is transferred to a different forum. Moreover, the goals of convenience and interest of justice will only be served by dismissing this action as to Gregory before transferring the case to Connecticut. As set forth at length above, Gregory is entitled to an outright dismissal (on the grounds of personal jurisdiction, insufficiency of service of process, and statute of limitations) of this action as it presently stands, and this case should not be removed before such dismissal occurs. Nor is Connecticut a convenient forum for Gregory. He is a domiciliary and resident of the State of New Jersey and if the statute of limitations and jurisdictional limitations are to have any effective meaning, the case against Gregory should be dismissed in this Court.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court grant Gregory's motion to dismiss plaintiffs' complaint in its entirety as it pertains to him and that the dismissal occur prior to granting Yale's motion to transfer this case to a district court in Connecticut.

Dated: December 4, 2007
      New York, New York

                        EMERY CELLI BRINCKERHOFF
                        & ABADY LLP

                        By:           /s/
                             Richard D. Emery (RDE-5181)
                             Kennisha Austin (KA-1269)

                        75 Rockefeller Plaza, 20th Floor
                        New York, New York 10019
                        (212) 763-5000

                        *Attorneys for Defendant Gregory Korb*