David L. Rabin (DLR 8325)
Rabin Law Office
27A Norm Avenue
Mt. Kisco, New York   10459
(914) 666-6606

*Attorney for Plaintiffs*
Alexandra and Constance Gerena

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ALEXANDRA GERENA and CONSTANCE
GERENA,

Plaintiffs,

-against-

GREGORY KORB and YALE UNIVERSITY,

Defendants.
-----------------------------------------------------------X

ECF Case

No. 07-CIV. 3976
(LBS/GWG)

**NOTICE OF EX PARTE
MOTION TO APPOINT
MARSHAL TO
SERVE SUMMONS
AND COMPLAINT
UPON DEFENDANT KORB**
( Fed. R. Civ. P. 4 ( c ) (3)

    **PLEASE TAKE NOTICE** that upon the Declaration of Joseph Gerena, Declaration of David Rabin with exhibits attached thereto, the annexed Complaint and all pleadings and papers on file in this action, plaintiffs Alexandra Gerena and Constance Gerena, by their attorney, David Rabin, Esq., will, on Thursday, June 12, 2008, at 2:15 p.m. or as soon thereafter as counsel may be heard, move this Court, located at the United States Courthouse, 500 Pearl Street, New York, New York, courtroom 15-A, ex parte, for an order pursuant to Rule 4 (c ) (3) of the Federal Rules of Civil Procedure to appoint a Marshal to serve the summons and complaint filed herein upon the defendant Gregory Korb, together with such other and further relief as the Court may deem just and proper.

WHEREFORE, it is respectfully submitted that the Court should grant this motion.


Dated: May 28, 2008
      Mt. Kisco, New York


      ____/s/___David Rabin
      DAVID RABIN, ESQ.
       27A Norm Road
       Mt. Kisco, NY   10549
       (914) 666-6606
       Fax: 666-2111
       Email: rabinlaw@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALEXANDRA GERENA and CONSTANCE
GERENA,                                                  07 Civ. 3976 (LBS/GWG)

                Plaintiffs,          **DECLARATION OF JOSEPH
                                            GERENA IN SUPPORT OF
-against-                                                APPLICATION TO APPOINT
                                            MARSHAL TO SERVE
                                            SUMMONS AND
                                            COMPLAINT ON KORB**

GREGORY KORB and YALE UNIVERSITY,

                                            **ECF**

                Defendants.
-------------------------------------------------------------X

        JOSEPH GERENA hereby declares under penalty of perjury that the

following is true and correct:

1.  I am over eighteen years of age and understand the meaning and obligation of

an oath.

2.  I am not a party in this action but am the father of Alexandra and husband of

Constance, plaintiffs herein.

3.  I make this Declaration in support of the within application to have defendant

Gregory Korb served with the summons and complaint in this action by the U.S.

Marshal's Service because he has, with the assistance of his family, intentionally

avoided and made himself unavailable for service.

4.  Upon the filing of this action in April, 2007, I traveled to New Jersey with a friend

who was going to serve Korb. I was aware of the location of both

residences he had given as his home address. One was given to Yale as his residence and one was given to the Court at his plea and sentencing proceedings in New Haven.

5.  In New Jersey I contacted the South Orange PD and was advised that in New Jersey a private individual who entered onto private property to effectuate service of a summons upon someone was subject to arrest for trespass. I thereupon personally delivered the summons and complaint to the Essex County Sheriff's Civil Unit for service upon Korb and paid the necessary fees.

6.  As evidenced by that office and the exhibits included in this application with Mr. Rabin's declaration, Korb has avoided, with the assistance of his family, numerous attempts to serve him and has hidden his whereabouts and spent much of his time out of the country.

7.  It is clear that the authority and resources of the Marshal is needed to finally and expeditiously serve Korb regardless of where he might be located.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2008

Mt. Kisco, New York

Joseph Gerena

David L. Rabin (DLR 8325)
Rabin Law Office
27A Norm Avenue
Mt. Kisco, New York   10459
(914) 666-6606

*Attorney for Plaintiffs*
Alexandra and Constance Gerena

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

ALEXANDRA GERENA and CONSTANCE
GERENA,

                              Plaintiffs,

          -against-

GREGORY KORB and YALE UNIVERSITY,

                              Defendants.
--------------------------------------------------------------X

ECF Case

No. 07-CIV. 3976
     (LBS/GWG)

**DECLARATION OF DAVID
RABIN IN SUPPORT OF THE
EX PARTE MOTION TO
APPOINT MARSHAL TO
SERVE THE SUMMONS
AND COMPLAINT
UPON DEFENDANT KORB**
( Fed. R. Civ. P. 4 ( c ) (3)

   **David L. Rabin,** under penalty of perjury, declares as follows:

1.  I am a member of the Bar of this Court and am an individual practitioner and attorney

    for plaintiffs in this action. I am fully familiar with the facts and circumstances

    surrounding this matter, having been counsel to plaintiffs from the inception of the

    criminal case instituted against defendant Korb out of which these claims arise.

2.  I make this affidavit in support of the instant application to appoint the Marshal's

    Service to serve the summons and complaint in this case upon defendant Korb because

    he, with the active assistance of his family, has avoided service and concealed his

    location.

3.  Korb entered his plea in October, 2006 and was sentenced to probation, with conditions that he be evaluated for drug and alcohol abuse and anger management issues. He was forbidden to be in New Haven and on the Yale campus until Alexandra Gerena, plaintiff herein and victim of his assault, was no longer attending Yale. Yale, after his plea and conducting their "internal" proceedings, permitted Korb to be a Yale student. The Court, at his sentencing, gave him permission to attend a Yale sponsored program in Germany for the Spring Semester, which was held from January '07-May '07.

4.  This case was filed in New York State Supreme Court in April, '07 and it was planned to serve Korb upon his return to the states on or about May 31, 2007, his scheduled return date.

5.  Prior to that date, the Gerena's and then your declarant, were advised by the Connecticut Office of Adult Supervision, through Korb's probation officer, Mark Adams, that Korb had notified that office that he was remaining in Humboldt Germany for summer courses and then for the academic year of '07-'08. He advised that he might return to the U.S. on or about July 23, 2007 for a brief stay before the next academic year.

6.  There was no explanation known to Officer Adams as to how Korb or whether Korb had received the Connecticut Court's permission to modify its permission that he attend the Spring semester only. This led to the letter annexed hereto as Exhibit "1".

7.  The result of this letter was that Officer Adams angrily advised the Gerena family and your declarant that we would no longer be permitted to contact him or receive any information regarding Korb. The Court never communicated with either myself or the family.

8.  Exhibit "2", annexed hereto, evidences the efforts of the Essex County  Sheriff's Department to serve Korb. As set forth in the annexed declaration of Joseph Gerena, he was told a private process server could be charged with trespass and that the Sheriff should be retained to accomplish service. The Sheriff sets forth that the father refused to accept the papers, that Korb never contacted them as was requested and that the father never indicated where Korb was or that he was not residing at that location.

9.  The annexed Exhibit "3" is the August, 2007 letter sent to the supervisor at Adult Supervision in an attempt to have them reveal where Korb could be located while he was back in the U.S. This letter received no response of any kind to either myself or the Sheriff's Department.

10.  A second series of attempts to serve Korb were undertaken by the Essex County Sheriff and Exhibit "4" evidences the results of those efforts.

11.  In early March, 2008, when the Adult Supervision Office in New Haven tried to transfer the Korb probation to Stamford Connecticut, the Gerenas were able to communicate with that office and learn that Korb was planning to attend NYU and that he was not in this country but, again, in Europe.  At this time your declarant sent the letter annexed as Exhibit "5" to the sentencing Judge in Connecticut for assistance. There was never a response.

12.  In early April it was communicated that Korb was in South Africa and was due back by June 8, 2008, when he had to make a final appearance at the probation office in New Haven as his term of probation was finished that day.

13.  The plan then was to await his return and find him at that office, We were advised about two weeks ago that he did not have to appear and that his probation was ending without his need to report.

14.  Based upon the foregoing, it is clear that the assistance of the Marshal Service is needed to accomplish service of this defendant. They are in a position of being readily able to obtain all information as to his work, school, residence addresses and to serve him any place he may be.

15.  Rule 4 ( c ) (3) of the Federal Rules of Civil Procedure permits the appointment of a United States Marshal to effect service of process in a case such as this.

16.  This motion is based on this document, on the complaint and other papers on file in this action and on the annexed declarations and their exhibits together with whatever argument and evidence the court may hear in connection with this motion.


**WHEREFORE**, it is respectfully requested that this Court grant in all respects the within application by plaintiffs along with any other and further relief as the Court deems just and proper.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


Executed in Maplecrest, New York on this 24th day of May, 2008.


 /s/  David Rabin
David Rabin

**EXHIBIT 1**

RABIN LAW OFFICE
PO BOX 643
HUNTER, NEW YORK
(518) 653-9825

3889 Crompond Road
Cortlandt Manor, New York 10567
(914) 739-3209
(914) 739-5209 FAX

PLEASE RESPOND TO WESTCHESTER OFFICE

July 5, 2007

Hon. Justice Damiani
New Haven Superior Court
New Haven, Ct.

Re: State v. Korb

Dear Justice Damiani:

I am writing to you at the request of my clients, Constance and Joe Gerena, parents of Alexandra Gerena, the young Yale student who is the victim of Mr. Korb's criminal assault.

When Korb entered his "no contest" plea and was found guilty of two misdemeanors before you on October 31, 2006, he was sentenced to probation and was to undergo psyche, drug, alcohol and anger management evaluations. He was forbidden to be on the Yale, New Haven campus while Alex Gerena was enrolled there. You granted him permission to continue his Yale studies at their programs overseas.

Korb, in the opinion of my clients and his probation officer, Mark Adams, has converted your permission into his thus far successful plan to avoid any probation supervision and any evaluations.

He enrolled in a Yale sponsored program in Germany for the Spring semester, January through May, 2007 and was to return and begin reporting to probation and doing the things required of him on May 31, 2007.

Instead, having the financial resources readily available to him, he enrolled in a summer program and advised officer Adams that he may return on July 23, 2007, before returning to Humboldt University in Berlin, Germany for the academic year, August through May, 2007-2008. Obviously, he plans to be on probation by never seeing a probation officer, never being monitored or evaluated and returning to the U.S. after his 18 months of "probation" by having done probation via once-a-month e-mails from overseas to officer Adams.

My clients believe that your Honor never intended for him to be able to twist and abuse your permission to pursue his education in Yale to this end. They want me to further advise you that Yale only recognizes 4 credits from a semester overseas towards a Yale degree; that his studies in Berlin are therefore not leading to a Yale degree; that Yale currently lists Korb as a class of 2010 student; that Korb should be attending schools in our tri-state area, for the results vis-à-vis Yale are the same; that the overseas studies are purely to avoid any sentence and punishment for his crimes.

I would, based upon the foregoing, at my clients' urgent request, ask that your Honor set a Court date in July or August to have Mr. Korb appear, along with officer Adams, and explain/clarify his conduct and to what extent being overseas is more meaningfully helpful re: obtaining a Yale degree than attending school here, where he will and should be on actual probation and to hear input from probation.

Your consideration of this matter is appreciated.


Respectfully,

David Rabin

DR/db
    cc: Officer Adams, Adult Supervision
        Gerena Family
        State's Attorney Baron
        William Dow, Esq., Defense Counsel

**EXHIBIT 2**

```
****** A F F I D A V I T   O F   S E R V I C E ******   8/08/07
================================================================
CHANCERY DOCKET....07-007142  DEFENDANT SEQUENCE 001 OF 001
OFFICER....... 88420   MARYELLEN DEBOSE              CONTROL# 330245
TYPE OF EXECUTION.......  SUMMONS AND COMPLAINT
================================================================


*=================== ATTORNEY ===================*
|                                      |      CHECK #        AMOUNT
|   JOSEPH GERENA                      |     11362036217      31.90
|                                      |
|   1055 ESPLANADE                     |
|                                      |
|   BRONX             NY  10461        |
|                                      |
================= COURT DATA ====================JOYCE
COURT OF ISSUANCE........ SUPREME COURT, STATE OF NEW YORK - CH  FOLD _____
   RETURNABLE DATE...        TIME...
   DOCKET..1441307       STATE.... NY    COUNTY OF VENUE....BRONX COUNTY
==============CAPTION OF CASE ====================
INDIVIDUAL NAME.........  ALEXANDRA       GERENA AND CONSTANCE GERENA
   VS... GREGORY KORB AND YALE UNIVERSITY
========DEFENDANT OR NAMED WITHIN TO BE SERVED==========
INDIVIDUAL NAME.........  GREGORY        KORB
       *================================================*
   ADDRESS 1............. | 0000000291   REDMOND            RD  |
   ADDRESS 2............. | (C/O MRS KORB (MOTHER)               |
   TOWN/STATE/ZIP........ | SOUTH ORANGE          NJ    07079   |
============ PAPERS SERVED =======================
NOTARY
SUMMONS AND COMPLAINT
=============== S E R V I C E   D A T A   R E C O R D E D ==============
SERVED SUCCESSFULLY....|  | UNABLE TO SERVE.......|X| DATE..|0|8|-|2|9|-|0|7|
```

REMARKS: Unable to serve, spoke with the deft's father who refused to accept the papers. The undersigned instructed the father to have his son contact the undersigned. Deft avoiding service, undersigned made over 3 attempts.

```
        COPY PERSONALLY DELIVERED....................|
        COPY LEFT WITH:                              |
        COMPETENT HOUSEHOLD MEMBER OVER 14 YEARS OLD  |
        RESIDING THEREIN.............................|
        OTHER........................................|
PERSON SERVED.........  |
                        |---------------------------------
                        | IS IN THE MILITARY....| | NOT IN THE MILITARY...| |
SEX   : | | MALE  | | FEMALE
SKIN  : | | WHITE | | BLACK | | YELLOW | | BROWN | | RED
HEIGHT: | | UNDER 5 FEET | | 5.0-5.6FT | | 5.7-6.0 | | OVER 6FT
WEIGHT: | | UNDER 100LBS | | 100-150LBS | | 151-200LBS | | OVER 200LBS
HAIR  : | | BLACK | | BROWN | | BLOND | | GRAY | | RED | | WHITE | | BALDING
AGE   : | | 14-20 | | 21-35 | | 36-50 | | 51-65 | | OVER 65

SWORN TO AND SUBSCRIBED BEFORE ME      ARMANDO B. FONTOURA
ON                                     ESSEX COUNTY SHERIFF
                                       BY: Mary Ellen DeBose
```

MARGARET A. CIRONE
NOTARY PUBLIC OF NEW JERSEY FEES: |X| OFFICER| | INVESTIGATOR
My Commission Expires April 22, 2010 TE OF NEW JERSEY

**EXHIBIT 3**

RABIN LAW OFFICE
PO  BOX 643
HUNTER, NEW YORK
(518) 653-9825

3889 Crompond Road
Cortlandt Manor, New York   10567
(914) 739-3209
(914) 739-5209 FAX

PLEASE RESPOND TO WESTCHESTER OFFICE

August 21, 2007

VIA FACSIMILE ONLY: 203-789-7876
LISA D'AMATO
OFFICE OF ADULT SUPERVISION
NEW HAVEN CT.


Re: Gregory Korb

Dear Ms. D'Amato:

    I spoke to you a few minutes ago regarding the above referenced defendant under your office's supervision by Mark Adams.

    Due to a letter I sent to Judge Damiani on behalf of the victim and her family regarding Korb's avoidance of actually being on probation supervision, to which your office and Mr. Adams took great objection as a negative reflection on him and your office, which is not the case, we were told to no longer contact Adams or to expect any information regarding Korb.

    I am told that Adam's supervisor is not in and I was directed to you. As you have not returned my call, I send this.

    Korb has been avoiding service upon him of the summons in the civil case filed against him. He has not been available at the address he gave to Yale when he was a student in New Haven or the one he gave to the Court when he entered his plea in Court. He has not responded to notices left for him at those addresses by the Essex County Sheriff's Depatment.

    The Sheriif's Department has asked that I contact you to obtain any address he has given you as his residence or work and to obtain any dates he is due to report to your office.

    Please immediately advise me of that information or directly contact the Essex County Sheriff's Department, Officer Mary Ellen DeBose, case # 07-7142 at: 973-621-4111.

    Your attention to this is expected and appreciated.

Yours,

David Rabin

DR/db

**EXHIBIT 4**

```
****** A F F I D A V I T   O F   S E R V I C E  ******* 1/07/08
=====================================================================
CHANCERY DOCKET....08-000150  DEFENDANT SEQUENCE 001 OF 001
OFFICER...... 88420  MARYELLEN DEBOSE  Mary Ellen DeBose    CONTROL# 376107
TYPE OF EXECUTION........  SUMMONS AND COMPLAINT
=====================================================================
```

```
*==================== ATTORNEY ====================*
|                                      |
|   DAVID L RABIN                      |        CHECK #      AMOUNT
|                                      |       1901           31.90
|   PO BOX 643                         |
|                                      |
|   HUNTER              NY  12442      |
```
```
========================== COURT DATA =====================JOYCE
COURT OF ISSUANCE.....  UNITED STATES DISTRICT COURT - CH    FOLD _____
  RETURNABLE DATE...              TIME...
  DOCKET..07CIV3976      STATE.... NY    COUNTY OF VENUE....S. DIST OF NY
======================== CAPTION OF CASE =========================
INDIVIDUAL NAME........  ALEXANDRA    G ERENA AND CONSTANCE GERENA
  VS... GREGORY KORB AND YALE UNIVERSITY
================DEFENDANT OR NAMED WITHIN TO BE SERVED==============
INDIVIDUAL NAME........  GREGORY      KORB
                        *========================================*
  ADDRESS 1............ : 0000000291   REDMOND            RD     :
  ADDRESS 2............ :                                        :
  TOWN/STATE/ZIP........ :SOUTH ORANGE           NJ    07079     :
                        ======== PAPERS SERVED ===================
NOTARY
SUMMONS AND COMPLAINT
================= S E R V I C E  D A T A  R E C O R D E D ==========
SERVED SUCCESSFULLY....:  |  UNABLE TO SERVE.......X| DATE..10|2|-12|5|-0|8|
```

REMARKS: YTS, MADE several attempt to serve the papers, made an
attempt at night, but No one is ever home. Left several messages.

```
            COPY PERSONALLY DELIVERED..................... |  |
            COPY LEFT WITH:
            COMPETENT HOUSEHOLD MEMBER OVER 14 YEARS OLD
            RESIDING THEREIN..............................| |
            OTHER.........................................| |
PERSON SERVED.........   |_____|
                        |_IS IN THE MILITARY....| | NOT IN THE MILITARY...| |
SEX   : | | MALE  | | FEMALE
SKIN  : | | WHITE | | BLACK | | YELLOW | | BROWN | | RED
HEIGHT: | | UNDER 5 FEET | | 5.0-5.6FT | | 5.7-6.0 | | OVER 6FT
WEIGHT: | | UNDER 100LBS | | 100-150LBS | | 151-200LBS  | | OVER 200LBS
HAIR  : | | BLACK | | BROWN | | BLOND | | GRAY | | RED | | WHITE | | BALDING
AGE   : | | 14-20 | | 21-35 | | 36-50 | | 51-65 | | OVER 65
```
```
SWORN TO AND SUBSCRIBED BEFORE ME        ARMANDO B. FONTOURA
ON ____ FEB  26, 2008 ____              ESSEX COUNTY SHERIFF
       Margaret A Cirone               BY: Mary Ellen DeBose _____
```
**MARGARET A. CIRONE**
**NOTARY PUBLIC OF NEW JERSEY**
Commission Expires April 22, 2010
```
                                        SHERIFFS:  |X|OFFICER| |INVESTIGATOR
                                        STATE OF NEW JERSEY
```

**EXHIBIT 5**

RABIN LAW OFFICE
PO  BOX 643
HUNTER, NEW YORK
(518) 653-9825

WESTCHESTER OFFICE

27A Norm Avenue
Mt. Kisco, New York   10549
(914) 666-6606
(914) 666-2111 FAX

## *PLEASE RESPOND TO WESTCHESTER OFFICE*

March 3, 2008

Hon. Justice Damiani
New Haven Superior Court
New Haven, Ct.

Re: State v. Korb

Dear Justice Damiani:

As the result of my last letter to you on behalf of the family and victim of the above noted defendant, dated July 7, 2007, the Adult Supervision Office cut off all communications with myself, the victim and her family.

Mr. Korb's whereabouts are never communicated to the victim, even when he is in the New Haven area. Additionally, the victim has received no information regarding his location or where he might be planning to attend school.

Ms. Gerena, the victim, is a graduating senior and deciding what graduate school to attend. She was considering New York University as a possibility and we just learned that Korb is enrolled there as a student and is no longer associated with Yale. We also learned that Korb was in fact in Europe again, not, as his sentence provided, attending any Yale related programs or classes.

It would be greatly appreciated if your office could assist in having Ms. Gerena advised as to Mr. Korb's whereabouts and intentions. The annexed copy of a letter I sent to Adult Supervision, to which there was no response, evidences the situation and the difficulties it has created.

Your consideration in this matter is greatly appreciated.

Yours,

David Rabin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ALEXANDRA GERENA and                    07 Civ, 3976 (LBS/GWG)
CONSTANCE GERENA,


                                          **SUMMONS**

                    Plaintiffs,

        -against-                              **ECF**


GREGORY KORB and YALE
UNIVERSITY,

                    Defendants.
--------------------------------------------------------X

        To the above-named Defendants:

              You are hereby summoned and required to serve upon David Rabin, Esq.,

plaintiffs' attorney, whose address is 27A Norm Avenue, Mt. Kisco, New York

10459, an answer to the complaint which is herewith served upon you, within 20

days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in

the complaint.

                            _____
                                          Clerk of the Court

Seal


Dated: December 27, 2007

( This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure )

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ALEXANDRA GERENA and                    07 Civ, 3976 (LBS/GWG)
CONSTANCE GERENA,


                                        **COMPLAINT**

            Plaintiffs,

      -against-                         **ECF**


GREGORY KORB and YALE
UNIVERSITY,


            Defendants.
--------------------------------------------------------X


**<u>JURISDICTION AND VENUE</u>**

1.   The Court has jurisdiction pursuant to its having granted defendants' motion for

removal.

**<u>THE PARTIES</u>**

2.   Alexandra Gerena is a natural person residing in Bronx County, State of New

York  ( Alex ).

3.   Constance Gerena is a natural person residing in Bronx County, State of New

York  ( Connie ).

4.   Upon information and belief, Gregory Korb is a natural person residing in the

State of New Jersey.

5.   Upon information and belief, Yale University is an institution of higher learning

with its main offices located in New Haven, Connecticut ( Yale ).

**FACTS**

6.   In or about August, 2005, Alex and Korb were students at Yale and were attending "Camp Yale", sponsored by Yale for its students to socialize and party prior to the start of the Fall Semester.

7.   After a day of partying and drinking, Korb accompanied Alex to her dorm room and subjected her to physical and sexual assault, biting her about her face and breasts, causing severe physical injury, pain and suffering. He physically restrained her and prevented her from leaving until he was done.

8.   Korb was arrested, charged with sexual assault and related felony charges and in or about October, 2006, he pled "no contest" as he agreed that the prosecutor would prove his guilt beyond a reasonable doubt and that he would be jailed for years. By his plea, which was permitted only because of the consent and humanity of Alex, he was convicted of two reduced misdemeanor offenses, assault and criminal restraint and placed on probation, banned from the New Haven campus of Yale, and ordered to have alcohol, drug and mental evaluations and to follow all recommended treatment regimens.

9.   By virtue of the foregoing, Korb assaulted and severely injured Alex, causing great pain and suffering, such acts constituting assault and battery.

10.   Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $500,000.00.

11.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "1" – "10" as though fully set forth herein.

2.

12.   By virtue of the foregoing, Korb caused Alex to suffer and continue to suffer great mental and emotional anguish, pain and suffering, causing her to live in fear, unable to sleep, unable to socialize with peers, unable to enjoy normal relationships and interaction with male acquaintances and causing her to forever lose the quality of life and joy of work, study and play that she had prior to the attack by Korb.

13.   Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

14.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "10" – "13" as though fully set forth herein.

15.   By virtue of the foregoing, plaintiff now receives professional treatment for her mental and emotional damage and suffering, which services she will likely need for the rest of her life.

16.   Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $250,000.00.

17.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "13" – "16" as though fully set forth herein.

18.   Yale provided the facilities and encouraged its students to attend and party at "Camp Yale", providing and making available alcohol to all students, including those under the legal drinking age. Yale provided no security and enforced no policies or rules of conduct to limit or monitor the activities or their duration.

3.

19.   By virtue of the foregoing, Yale was negligent and failed to exercise proper supervision and control over its premises and students. It violated applicable law in providing alcohol. This wanton negligence was a proximate cause of the conduct of Korb against Alex.

20.   Accordingly, Yale is liable to plaintiff in a sum to be determined at trial, but not less than three million dollars.

21.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "16" – "20" as though fully set forth herein.

22.   Yale was or should have been aware that Korb had a history of assaultive and violent behavior and that Korb had previously assaulted, by biting, a male student at Yale; Yale knew that there had been numerous prior incidents of sexual and other assaults by its male students against female students; Yale took no steps and instituted no programs or protocol to attempt to prevent such incidents, educate its students, employees, police personnel and faculty as to the reporting and handling of such incidents; Yale took no meaningful punishment action against those who had committed earlier offenses.

23.   By virtue of the foregoing, Yale's conduct was reckless and wantonly negligent; Yale has acted in reckless and wanton disregard of the possible consequences to plaintiff and said conduct unreasonably exposed plaintiff to

probable serious harm.

24.   Accordingly, Yale is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

4.

25.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "21" – "24" as though fully set forth herein.

26.   By virtue of the foregoing, Yale's conduct was willful, well knowing that their misconduct unreasonably exposed Alex to probable serious harm.

27.   Accordingly, Yale is liable to Alex in a sum not less than six million dollars.

28.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "26" – "27" as though fully set forth herein.

29.   Yale was on notice that Korb, after his plea in October, 2006, was not to be present on its New Haven campus to assure that Alex would be secure and free of anxiety and fear; Yale, however, without notice to Alex or the appropriate authorities, permitted Korb to enter and remain on its New Haven campus, without escort, supervision or time limitation; in fact, he and his friends had planned a party that night, on campus, for him; had Alex not learned of his presence and alerted the authorities, Korb, with Yale's permission and collusion,  would have violated his probation conditions.

30.  By virtue of the foregoing, Yale acted in a reckless, wanton and willful manner, causing injury and damage to plaintiff.

31.   Accordingly, Yale is liable to Alex in a sum not less than one million dollars.

5.

32.  Plaintiffs repeat, reallege and reiterate complaint paragraphs "28" – "31" as though fully set forth herein.

33.  The conduct of Korb caused Connie great mental and emotional pain and suffering as she observed Alex's pain, suffering, injuries and loss of what had been a happy, secure, vibrant and loving daughter; Connie has been requiring professional care and treatment.

34.  By virtue of the foregoing, Korb is liable to Connie for her care and treatment, which likely will be necessary for the rest of her life.

35.  Accordingly, Korb is liable to Connie in a sum to be determined at trial, but not less than $150,000.00.

36.  Plaintiffs repeat, reallege and reiterate complaint paragraphs "33" – "35" as though fully set forth herein.

37.  By virtue of the foregoing, Korb is liable to Connie for her mental and emotional suffering, anguish and pain.

38.  Accordingly, Korb is liable to Connie for a sum not less than one million dollars.

39.  Plaintiffs repeat, reallege and reiterate complaint paragraphs "36" – "38" as though fully set forth herein.

40.  Yale's conduct exposed Alex to probable and actual harm before and after the attack by Korb. Yale gave no support or assistance to Connie in her dealing with her suffering, left Connie to move Alex's belongings to her new dorm after

6.

the Korb attack and exposed Connie to the comments and taunts of the Yale students who were friends and supporters of Korb; Yale exposed Alex to fear and harm in permitting him on campus after his plea and sentence.

41.   By virtue of the foregoing, Yale is liable to Connie for her mental and emotional pain and suffering.

42.   Accordingly, Yale is liable to Connie in a sum not less than two million dollars.

43.   Plaintiffs repeat, reallege and reiterate complaint paragraphs "39" – "42" as though fully set forth herein.

44.   By virtue of the foregoing, Yale's conduct was a cause of Connie's mental and emotional pain and suffering, for which she is now and will continue to need to receive treatment.

45.   Accordingly, Yale is liable to Connie a sum to be determined at trial, a sum not less than $150,000.00.

**Prayer for Relief**

46.   On the claims stated in paragraphs 10, 13, 16 plaintiff Alex asks the Court to enter judgment against defendant Korb.

47.   On the claims stated in paragraphs 20, 24, 27 and 31 plaintiff Alex asks the Court to enter judgment against defendant Yale punitive and compensatory damages.

7.

48.   On the claims stated in paragraphs 35 and 38 plaintiff Constance asks the Court to enter judgment against defendant Korb.

49.   On the claims stated in paragraph 42 plaintiff Constance asks the Court to enter judgment against Yale for punitive damages.

50.   On the claims stated in paragraph 45 plaintiff Constance asks the Court to enter judgment against Yale for compensatory damages.

Jury Demand

Plaintiffs demand a jury trial of their claims against the defendants.


Dated: December 26, 2007


_____
David Rabin
Attorney for Plaintiffs
27A Norm Avenue
Mt. Kisco, New York   10459
(914) 666-6606

8.

It is respectfully requested that the Court grant judgment to Plaintiffs against

Defendants as follows:

1. $500,000.00 on Alex's first cause of action against Korb;

2. Three million dollars on Alex's second cause of action against Korb;

3. $250,000.00 on Alex's third cause of action against Korb;

4. Three million dollars on Alex's first cause of action against Yale;

5. Three million dollars on Alex's second cause of action against Yale;

6. Six million dollars on Alex's third cause of action against Yale;

7. One million dollars on Alex's fourth cause of action against Yale;

8. $150,000.00 on Connie's first cause of action against Korb;

9. One million dollars on Connie's second cause of action against Korb;

10. Two million dollars on Connie's first cause of action against Yale;

11. $150,000.00 on Connie's second cause of action against Yale;

12. Costs, disbursements and attorney fees incurred in having to bring this action;

13. For such other and further relief to Plaintiffs that this Court may deem just,

proper and equitable.

Dated: February 25, 2007
        Cortlandt Manor, NY


_____
DAVID RABIN, ESQ.
Attorney for Plaintiffs
3889 Crompond Road
Cortlandt Manor, NY   10567
(914) 739-3209
                    9.