RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
ILANN M. MAAZEL
ERIC HECKER
MARIANN MEIER WANG
SARAH NETBURN
KATHERINE ROSENFELD
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KENNISHA A. AUSTIN
DEBRA L. GREENBERGER
ELORA MUKHERJEE

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

June 9, 2007

**By ECF**

The Honorable Leonard B. Sand
United States District Judge
United States Courthouse
500 Pearl Street, Room 1650
New York, NY 10007-1312

Re:   *Gerena v. Korb, et. al.*, 07 Civ. 3976 (LBS) (GWG)

Your Honor:

We represent defendant Gregory Korb in the above-captioned action. We write in opposition to plaintiffs' "ex parte" motion, Docket Entry ("DE") 20, to appoint a marshal to serve Mr. Korb with the summons and complaint in this case, which was removed to this Court in May 2007.

Although plaintiffs have had more than a year to serve Mr. Korb and a multitude of potential options available to them to effect service upon Mr. Korb, plaintiffs still have not served him. Yet, plaintiffs now move this Court – based on moving papers fraught with misrepresentations – to order the appointment of a United States Marshal to serve Mr. Korb pursuant to Fed. R. Civ. P. 4(c)(3). Because of plaintiffs' dilatory conduct and the prejudice to Mr. Korb that their conduct has caused – delaying for more than six months the Court's decision on Mr. Korb's pending motion to dismiss this matter against him – plaintiffs' motion should be denied outright and the Court should dismiss the Complaint as requested by Mr. Korb.

On May 22, 2007, this case was removed from New York State Supreme Court in the Bronx to federal court, giving plaintiffs – who are represented by counsel – 120 days to serve Mr. Korb with the summons and complaint, pursuant to Fed. R. Civ. P. 4(m). By July 16, 2007, plaintiffs still had not served Mr. Korb or his co-defendant, Yale University. During a status conference on that date, this Court ordered all parties to submit letters by no later than September 4, 2007, updating the Court on the status of service. Both September 4 and September 19 – the deadline for service – passed without plaintiffs serving process on either defendant. By

EMERY CELLI BRINCKERHOFF & ABADY LLP

The Honorable Leonard B. Sand
June 9, 2008
Page 2

December 2007 (more than seven months after the case had been removed), Mr. Korb still had not been served and on December 4, 2007, he moved for dismissal of this case in its entirety on various grounds, including lack of service of process and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b). *See* DE 10, 11, and 14. Oral argument on Mr. Korb's motion to dismiss was adjourned on December 13, 2007, however, when the Court allotted plaintiffs an additional two weeks to serve Mr. Korb. Ignoring the Court's order to effect service on Mr. Korb within the prescribed time frame, plaintiffs again allowed the time to elapse without service. Now, almost thirteen months after this case was removed to federal court, Mr. Korb still has not been served.

Mr. Korb has never "hidden his whereabouts" nor attempted to avoid service in this matter. At the time this case was removed to federal court, Mr. Korb was on a Yale-approved study abroad program in Germany – a program that plaintiffs had full knowledge of and knowledge of Mr. Korb's whereabouts throughout. From July 2007 through the end of January 2008, Mr. Korb was in the United States, residing at his parents' home in New Jersey – an address that plaintiffs acknowledge they were aware of – and he attended regularly scheduled appointments with his probation officer in New Haven, Connecticut. Accordingly, plaintiffs not only had ample time and opportunity to personally serve Mr. Korb, but they also had a number of other options available to them to effect service.

None of the papers filed with the Court in support of the instant motion, DE 20, in any way demonstrate diligent efforts by plaintiffs to serve Mr. Korb nor do they sufficiently explain the reasons for their failure to do so for more than a year. Moreover, contrary to plaintiffs' supporting documentation to the instant motion, neither Mr. Korb nor his family is aware of any attempts to serve Mr. Korb in the calendar year 2008. *See* DE 20 (Exhibit 4).

Despite their obvious delinquency in pursuing this matter, plaintiffs *now* seek the appointment of a United States Marshal to do the job that they have had more than a year to do and would have done, had they diligently attended to their obligations in this matter. Plaintiffs should not now be assisted by the Federal Government in the face of their dilatory and inexplicable conduct. Also, they should not be granted additional time to serve Mr. Korb especially when each day that passes further prejudices Mr. Korb's right to have this matter dismissed against him. Plaintiffs' disregard for both the Federal Rules and this Court's orders should not be allowed to further delay Mr. Korb's procedural and substantive rights to a final resolution of this matter.

In light of the foregoing, we respectfully request that plaintiffs' motion be denied. Moreover, we continue to rely on our motion papers, DE 10, 11 and 14, seeking a dismissal of this matter in its entirety against Mr. Korb. Thank you for your assistance regarding this matter. We are available at the Court's convenience to address any questions.

EMERY CELLI BRINCKERHOFF & ABADY LLP

The Honorable Leonard B. Sand
June 9, 2008
Page 3

Respectfully submitted,

Richard D. Emery

cc:  David Rabin, Esq., counsel for plaintiffs  (*by ECF*)
     R. Scott Greathead, Esq., counsel for defendant Yale University (*by ECF*)
     Mr. Gregory Korb (*by electronic mail*)
     Mr. Joseph A. Korb (*by electronic mail*)
     Ms. Lynne Federman (*by electronic mail*)