Wiggin and Dana LLP
450 Lexington Avenue
Suite 3800
New York, New York
10017-3913
www.wiggin.com

R. Scott Greathead
212.551.2615
212.490.0536 fax
sgreathead@wiggin.com

# WIGGIN AND DANA

*Counsellors at Law*

**By ECF and Messenger**

August 20, 2008

Honorable Leonard B. Sand
United States District Judge
United States Courthouse, Room 1650
500 Pearl Street
New York, NY 10007-1312

Re: <u>Gerena v. Korb and Yale University, SDNY, 07 Civ. 3976 (LBS)</u>

Dear Judge Sand:

We represent defendant Yale University ("Yale") in the above-captioned action. The action was commenced by the filing of a summons and complaint in New York Supreme Court, Bronx County, on April 24, 2007, and was removed to this Court on May 22, 2007. Under Rule 4(m) of the Federal Rules, as applied to removed cases, plaintiffs had until September 19, 2007 to effect service of process. After plaintiffs untimely attempted service of a defective summons in October 2007, Yale moved in November 2007 to dismiss the action due to plaintiff's failure to use a proper federal summons or to abide by the 120-day service deadline in Rule 4(m). Yale alternatively sought transfer of the action to the District of Connecticut, where the case properly belongs. After oral argument in December 2007, the Court held Yale's motion in abeyance pending plaintiff's promised efforts to promptly effect service.

Just this month, on August 1, 2008, plaintiffs served Yale with a proper federal summons. This letter is being filed within 20 days of that service. Because Yale has now been served, it respectfully asks that the Court take up and decide Yale's pending motion to dismiss or transfer. Yale withdraws, as moot, that portion of its motion seeking dismissal because plaintiffs had used a state-court summons instead of a proper federal summons in the initial service attempt in

Honorable Leonard B. Sand
August 20, 2008
Page 2

**WIGGIN AND DANA**

*Counsellors at Law*

October 2007. It also remains true that this action belongs in Connecticut, where it could have been (and should have been) brought, so this Court should transfer the lawsuit to the District of Connecticut in the interests of justice. The Court in Connecticut, which is the proper court for overseeing this case, can then take up all pending matters, including but not limited to the issue of untimely service.

Respectfully yours,

R. Scott Greathead

cc: Honorable Gabriel W. Gorenstein, U.S. Magistrate Judge
David Rabin, Esq., Counsel for plaintiffs
Richard Emery, Esq., Counsel for defendant Korb